FORET, Judge.'
This is an appeal in an expropriation suit. The Department of Transportation and Development (DOTD) appeals the trial court judgment which awarded Burley Sonnier and his wife, defendant-landowners, the sum of $170,198.50, subject to a credit of $84,706.00 which had been deposited by DOTD at the time of the filing of the suit for expropriation. The State has appealed, and defendant-landowners have answered the appeal, seeking an increase in attorney’s fees awarded, as well as the amount of the general award.
Two parcels of defendants’ land were taken by DOTD under the “Quick Taking Statute,” for the purposes of widening and improving Highway 190 between the town of Basile and the city of Eunice. Because the parcels taken are different in nature, we shall discuss each one, and the issues involved, separately.
PARCEL 6-5
In this parcel was contained 0.36 acres of land fronting on the highway on which is located the residence of defendants. There is no dispute on appeal as to the award by the trial court for the land which was taken in parcel 6-5, which was valued at $4,500. Because of the taking by DOTD, the Sonnier home, which had been approximately 100 feet from the highway right-of-way, now found itself to be approximately 17 feet from the highway right-of-way, although it would yet be approximately 70 feet from the traveled portion of the said highway. The trial court made an award for relocation costs of the house in the amount of $56,737.00. Inasmuch as other buildings would also have to be moved in order to move the house back, the trial court made various awards for these also, which we need not discuss further because of our finding on this issue.
The landowners’ expert witness was one Gene Cope. His testimony consisted solely of relocation costs in this respect. It is noted that the landowners’ expert made only a cost-of-cure evaluation involving the improvements situated on parcel 6-5. He made no evaluation of the value *773 before the taking and the value after the taking. On the other hand, the appraiser for the State, Francis L. Grado, did make the before-and-after evaluation, as well as the cost-of-cure evaluation. Grado found that the value of the property before the taking was $81,000 and that the value of the part taken, that is the land ($8,780) and improvements ($660), amounted to $4,440, indicating a remaining value of $76,560. He estimated that the after-the-taking value of the property was $36,636, which indicated that the severance damages to the improvements, that is the residence, etc. of the Sonniers, was $39,924. Therefore, it is apparent that the severance damage to the property is considerably less than the cost of relocation. According to the jurisprudence, therefore, the before-and-after value should be the test in determining the landowners’ loss involving parcel 6-5. We find the facts concerning parcel 6-5 to be on all fours with this Circuit’s recent case of State, Dept. of Transportation & Development v. Sonnier, 503 So.2d 1144 (La.App. 3 Cir.1987), writ denied, 506 So.2d 1230 (La.1987). We will refer to that case as the “Eldon Sonnier” case. In the Eldon Sonnier case, the property taken is contiguous to parcel 6-5 in the Burley Sonnier case, which is the case at bar. The rationale of Eldon Sonnier is applicable to parcel 6-5 in the case at bar, and it would be superfluous on our part to repeat the said rationale and the jurisprudence cited therein. Suffice it to say that the cases are identical and, for the reasons stated in Eldon Son-nier, we will amend the judgment of the trial court in this particular ease accordingly-
For the taking of parcel 6-5, therefore, we will award the value of the land taken, $4,500.00, improvements of $660.00, and severance damages, $39,924.00, for a total of $45,084.00.
PARCEL 6-1
Parcel 6-1 presents a different situation. The value of the real estate taken for which the trial court awarded $16,852.50 is not in dispute on this appeal. Therefore, that portion of the award is affirmed.
What is in dispute is the value of the improvements taken and the cost of relocation. On the real estate taken were certain improvements such as a rice irrigation well with pumps, concrete pit, a shed to house the pumping apparatus, a graveled roadway, a one-inch gas pipeline, and an irrigation canal. The landowners’ appraiser, Gene Cope, testified that the total cost of replacing the improvements taken was a little over $70,000. However, he testified that none of these improvements were new and that he estimated that they would have depreciated to a value at the time of the taking of $60,187. DOTD, on appeal, questions whether the trial court should have adopted the landowners’ figure for the value of these improvements taken.
Our review of the record indicates only one clear error in that the court awarded $25,200 for replacement of 4200 linear feet of one-inch gas pipeline valued at $6.00 per foot. On the other hand, the record clearly shows that Mr. Sonnier had in fact received a bid from E.B. Feucht & Son to replace the line for a total of $5,550. Cope’s testimony had other figures which the trial court correctly rejected, such as Cope’s testifying that a thirty-foot servitude would be required to lay a one-inch gas pipeline, whereas Grado testified that a ten-foot-wide servitude was adequate. It is our opinión that the testimony of Cope in this as well as several other matters seems a bit incredulous. Accordingly, we will reduce the award in this connection on parcel 6-1 by the amount of $19,500. As to the other relocation costs awarded by the trial court, we find no clear error, leaving an award of $40,687 for relocation costs. The total award, therefore, for property taken and relocation costs for parcel 6-1 is $57,-539.50.
LOSS OF INCOME
The trial court awarded $9,060 for loss of income. The history of this award is that the Sonniers had been irrigating neighboring tracts of land with their rice irrigation well for which they received a share of the rice crop produced by the several landowners who were receiving water from *774 them. The award of $9,060 was for loss of income during the year 1985. We reverse this award for the reason that Mr. Sonnier failed to establish that he had necessarily suffered this loss. It is axiomatic that one must mitigate his damages.
The record shows that DOTD deposited the amount of $84,706 into the Registry of the Court for the Sonniers’ benefit on September 17,1984. The record further shows that the entire amount was released to Mr. and Mrs. Sonnier on October 3,1984. It is obvious therefore that the Sonniers had the means to re-establish their irrigation system in time for the 1985 planting season, had they so desired. It is a basic tenet of law that one has a duty to mitigate his damages and that his failure to do so should not form a basis for recovery. The record shows no valid reason why Mr. Son-nier could not have put down a new irrigation well, with appurtenances, in time to furnish water to the subscribing farmers for the 1985 rice planting season.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed as amended to show judgment in favor of defendants, Burley Sonnier and Vemita F. Sonnier, and against the State, Through the Department of Transportation and Development, in the sum of $102,623.50, less the amount previously deposited into the Registry of the Court of $84,706.00, together with an award of attorney’s fees equal to 25% of the difference between the amount deposited into the Registry of the Court ($84,706) and the amount of compensation awarded ($102,623.50), with legal interest on the difference from the date of the taking (September 17, 1984), until paid, and for defendants’ appraiser’s fee of $1500.00. Costs at the trial level and on appeal are assessed equally against plaintiff and defendants.
AMENDED, AND AFFIRMED AS AMENDED.